IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA<br>7581 Valley View Rd.<br>Hudson, OH 44236<br><br>LEN SAVAGE<br>1486 Cherry Rd.<br>Franklin, GA 30217<br><br>FFL DEFENSE RESEARCH CENTER<br>8951 E. Driftwood Tr.<br>Tucson, AZ 85749<br><br>    Plaintiffs,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES<br>99 New York Ave. NE<br>Washington, DC 20226<br><br>    Defendant. | COMPLAINT<br><br>(Freedom of Information<br>Act, 5 U.S.C. §552). |

Come now the Plaintiffs, by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE).

## JURISDICTION

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, since it arises under the Constitution and laws of the United States. Venue lies in this district under 5 U.S.C. §552(a)(4)(B).

## PARTIES

3. Plaintiff David Codrea is an internet blogger who disseminates information relating to firearms law issues on the internet.

4. Plaintiff Len Savage is a Federal Firearms Licensee, *i.e.*, is licensed to transact business in firearms.

5. Plaintiff FFL Defense Research Center is a not-for-profit corporation established with the purpose of obtaining and distributing information to Federal Firearms Licensees relating to compliance with the laws and regulations which govern their businesses.

6. Defendant BATFE is a component of the Department of Justice and an agency within the meaning of 5 U.S.C. § 552(f).

## COUNT ONE

7. On March 12, 2015 Plaintiffs transmitted the attached Freedom of Information Act request to Defendant BATFE.

8. The request was received by BATFE on March 17, 2015.

Pursuant to FOIA, 5 U.S.C. §552(a)(6)(A)(i), Defendant BATFE had 20 business days in which to produce the requested records. This period expired on April 13, 2015.

9. Plaintiffs have received no response from Defendant BATFE. They accordingly have exhausted their administrative remedies. 5 U.S.C. §552(a)(6)(C).

WHEREFORE, plaintiffs pray that this Court:

1. order defendant to disclose the requested records in their entireties and make copies available to plaintiffs;

2. award plaintiffs their costs and reasonable attorneys fees; and

3. grant such other relief as the Court may deem just and proper.

Dated: June 23, 2015

Respectfully Submitted,

/s/ *David T. Hardy*
David T. Hardy
8987 E. Tanque Verde
PMB 265
Tucson AZ 85749
(520) 749-0241
dthardy@mindspring.com
U.S. Dist. Ct. Bar no. CO0039
Attorney for Plaintiffs

DAVID T. HARDY
ATTORNEY AT LAW
8987 E. TANQUE VERDE
PMB 265
TUCSON AZ 85749
(520) 749-0241
CELL 490-9460
DTHARDY@MINDSPRING.COM

March 12, 2015

Stephanie Boucher, Division Chief
Disclosure Division
99 New York Avenue, NE, Room 1E-400
Washington, DC 20226

Dear Ms. Boucher,

  This is a request pursuant to the Freedom of Information Act, 5 U.S.C. §552. I make this request on behalf of FFL Len Savage, blogger David Codrea, and the nonprofit FFL Defense Research Center.

We request copies of the following:

  1. Any instructions, policies or guidance given to agents who serve as hearing officers, or to their superiors, in connection with determining whether an FFL's license should be revoked or suspended, or issuance of a license be denied, or a civil fine imposed.

  2, BATFE's Federal Firearms Action Policy and Procedure, ATF Order 5370.1B or its replacement, as currently in force.

  3. Any opinions or positions or determinations as to how complete a firearm receiver must be before it becomes a "firearm" for purposes of the GCA or NFA. (Phrased otherwise, the point when a "receiver blank" becomes a "receiver"). We have heard reference to "80% complete" as the standard, but whether this is correct, and if so, what features make it so complete, we cannot find.

  4. Many firearms have receivers with two or more parts. Any opinions, rulings, policies or interpretations as to which of those parts is the receiver for GCA or NFA purposes. This would include general guidance

(*e.g.* "the receiver is the component that bears the serial number") or narrower guidance (*e.g.*, "on an AR-15 type firearm, the lower receiver is the receiver for GCA purposes.").

     5.    Any opinions, rulings, policies or interpretations relating to or interpreting the term "readily restored" in 26 U.S.C. §5485 (b).

     6.    Any instructions, policies, criteria or guidance relating to granting or denying a remission or mitigation of a forfeiture or of a civil penalty.

If any of these documents are in the agency's reading room, please inform me and I will seek them there. I do not find them in the agency's online reading room.

I am prepared to pay all fees. Please inform me if they are likely to exceed $250.

                           Sincerely.

                           David T. Hardy