IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID CODREA , *et al.*                          )
                                                 )
    Plaintiffs,                          )
                                                 )
    v.                                   )
                                                 )  Civil Action No. 15-0988 (BAH)
BUREAU OF ALCOHOL, TOBACCO,                      )
FIREARMS AND EXPLOSIVES                          )
                                                 )
    Defendant.                           )
_____)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

Plaintiffs hereby respond to the Defendant's Motion for Summary Judgment,

and request that the Court deny the same.

Respectfully submitted this 22nd day of June, 2016

s/*David T. Hardy*
David T. Hardy
Attorney for Plaintiffs

<u>Plaintiffs' Response to Defendant's Statement of Material Facts</u>

Plaintiffs agree with Defendant's Statement of Material Facts, although noting that ¶10 is a conclusion which assumes that the assertion of ¶9 is correct. We do not dispute that that Defendant asserted an exemption, as stated in ¶9, although, as we will demonstrate below, we do dispute that the assertion is correct.

<u>Memorandum of Points and Authorities in Opposition to<br>Defendant's Motion for Summary Judgment</u>

We open with a note as to what is *not* in dispute. As Defendant correctly notes, our dispute centers upon bates-numbered pages 2197-2227 of the documents released, and we indicated we did not dispute the redaction of the drafters' names under Exemption 6. We further do not dispute the redaction of a handwritten note on p. 2206.

The issue thus narrows to the redactions found on pages 2199 and 2223-25 – four pages drawn from two documents. The documents in question are training courses for BATFE "hearing officers," and the documents appear to be two editions of the same training course. The redaction portions represent the course's answers to

> "What type of evidence establishes knowledge and intentional disregard of statutes and regulations?" and

> "What type of evidence establishes a licensee's plain indifference to the requirements of the law?"

Defendant seeks to justify the withholding under exemption (7)(E), which exempts

> records or information compiled for law enforcement purposes, but only to
> the extent that the production of such law enforcement records or
> information …. (E) would disclose techniques and procedures for law
> enforcement investigations or prosecutions, or would disclose guidelines for
> law enforcement investigations or prosecutions if such disclosure could
> reasonably be expected to risk circumvention of the law…

We maintain that (7)(E) is inapplicable to these documents. The documents

are intended to instruct BATFE "hearing officers," and so we bgin with a

discussion of the hearing officer's function.

Under the Gun Control Act, a firearm dealer's license may be revoked for

willful misconduct, "after notice and opportunity for hearing." 18 U.S.C. §923(e).

*See also* 18 U.S.C. §923(f)(2) (if Attorney General revokes license, "he shall, upon

request by the aggrieved party, promptly hold a hearing to review his denial or

revocation…").

Following the hearing, a decision is made by the Director of Industrial

Operations (DIO) whether to reverse or affirm the proposed revocation. 27 C.F.R.

§478.72. Although not specified in the regulations, it appears that the hearing

officer is tasked with writing a recommended decision for the DIO, based on the

evidence the hearing officer heard in the hearing.

The hearing officer thus does not serve as a law enforcement or

prosecutorial official; his or her task is to hear both sides of the evidence and reach

a neutral judgment upon it, not to investigate the matter or prosecute it. Indeed, the

hearing officer function appears at one time to have been handled by

Administrative Law Judges. *See Shyda v. Director*, 448 F. Supp. 409, 410 (M.D.

Pa. 1977).

A major objective of FOIA was to preclude the creation of "secret law," *Cox

v. U.S. Dep't of Justice*, 601 F.2d 1, 4 (D.C. Cir. 1979). Envision a revocation

hearing. The adjudicator, the hearing officer, has been instructed that if certain

things are proven he must confirm the revocation. The agency representative, from

BATFE's General Counsel's Office, knows what those things are – that Office

wrote the lesson plan. The licensee whose license (and livelihood) is in jeopardy is

the one person in the room not permitted to know what, if proven, will justify

revoking his license. This is secret law with a vengeance.[1]

Instructions given to a person discharging such an *adjudicatory* role cannot

be considered a record "compiled for law enforcement purposes," nor one which

discloses techniques or guidelines for "law enforcement investigations or

prosecutions." The hearing officer is not engaging in law enforcement, carrying out

an investigation, or handling a prosecution, any more than is a court that conducts

a trial.

---

[1] In fact, disclosure upon request may not be sufficient compliance with FOIA. The statute requires that "rule of procedure," and of the "nature and requirements of all formal and informal procedures available" be published in the Federal Register. 5 U.S.C. §552(a)(1)(B),(C).

Even if the information so qualified, it would have to pass 7(E)'s second test: it must be shown that disclosure "could reasonably be expected to risk circumvention of the law…" *See PHE, Inc. v. Dep't of Justice,* 983 F.2d 248, 249 (D.C. Cir. 1993) ("Thus, under both the (b)(2) and the (b)(7)(E) exemptions, the agency must establish that releasing the withheld materials would risk circumvention of the law."). Here, as in a past case

> BATF's descriptions of its deletions pursuant to Exemption 7(E) are too conclusory for this Court to determine whether the exemption was properly invoked. Defendant must provide greater detail as to why the release of the information deleted from the two documents at issue would compromise law enforcement by revealing information about investigatory techniques that are not widely known to the general public.

*Smith v. BATF*, 977 F. Supp. 496, 501 (D.D.C. 1997). Defendant does not suggest how revealing examples of what are considered willful violations would have any effect -- except to guide people who want to *avoid* such violations.

## Conclusion

The redacted portions are not compiled for investigations or prosecutions, but for the guidance of hearing officers. Their revelation would not risk circumvention of the law. The motion should be denied.

Respectfully submitted,

s/*David T. Hardy*
David T. Hardy
Attorney for Plaintiffs