# EXHIBIT TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendant's disclosure, "Lesson Plan Overview," Bates-numbered 2197-2202 and 2221-2227.

## LESSON PLAN OVERVIEW

| | |
|---|---|
| **COURSE:** | **HEARING OFFICER TRAINING** |
| **COURSE MODULE:** | **HEARING OFFICER TRAINING** |
| **LESSON:** | **#5 – BASIS FOR REVOCATION - WILLFUL VIOLATIONS** |
| **DEVELOPED BY:** | (b) (6) |
| **DATE DEVELOPED OR REVISED:** | **MAY 2001** |

**PURPOSE:** To discuss the various actions that involve willfulness on behalf of the licensee and the law that supports revocation of a firearms license

**LESSON OBJECTIVES:**

**At the conclusion of this lesson students will be able to:**

1. Identify the statutory authority for FFL revocations

2. Define willfulness in the licensing context

3. Recognize examples of behavior and circumstances, which would indicate willfulness.

**METHODS:** LECTURE WITH QUESTIONS; GUIDED DISCUSSION

**EQUIPMENT:** LCD PROJECTOR

**MATERIALS:** FEDERAL FIREARMS REGULATIONS REFERENCE GUIDE, ATF P 5300.4

**ROOM SET-UP:** CLASSROOM STYLE

**TIME:** 30 MINUTES

RIP

Hearing Officer Training / 05 – Basis for Revocation - Willful Violations

| STATE | Lesson Objectives |
|-------|-------------------|
| SHOW  | PowerPoint Slide  |

## I.   INTRODUCTION

| REFER | Students to 18 U.S.C. 923 (e) – Power Point |
|-------|---------------------------------------------|

A.   Statutory Authority for FFL revocation - 18 U.S.C. 923(e)

To revoke a license, violations must be willful.  The HO must determine whether
the licensee has violated the GCA or its regulations and whether the violations
were willful.  However, those determinations shouldn't be confused with the
DIO's duty of determining the fate of the license.  That decision is not in the
province of the HO.  Listen to what a court has said about the distinction between
finding willful violations and the decision to revoke a firearms license, the court-
to-agency relationship is similar to the HO-to-DIO relationship:

"The language of 923(f)(3) [the *de novo* review provision of the GCA] does not
call upon this Court to decide whether it would revoke the license in it's own
judgment, but whether all of the evidence presented is sufficient to justify the
Attorney General's revocation of the license. [footnote reference omitted].

\* \* \*

[From footnote:] . . . Cases undoubtedly exist where the Attorney General is
authorized to revoke a license and does so, whereas given the same facts and
evidence this Court on its own might not have made the same decision.
Regardless, . . . the Court's role here is to decide whether the Attorney General's
decision to revoke was within it's legitimate authority, not whether it was the
most prudent exercise of power."

*Pinion Enterprise, Inc. v. Ashcroft,* 371 F. Supp.2d 1311, 1315 (N.D. Ala. 2005).

| ASK | Students for the definition of Willfulness |
|-----|--------------------------------------------|

B.   Willfulness (in the licensing context) – Knowledge of a legal obligation and
purposeful disregard, or plain indifference, to legal requirements

C.   What type of evidence establishes knowledge and intentional disregard of statutes and regulations?



D.   What type of evidence establishes a licensee's plain indifference to the requirements of the law?



E.  No particular quantity of violations need be established to support revocation. One willful violation is sufficient to revoke. *Article II Gun Shop, Inc., d/b/a Gun World v. Ashcroft, 2005 U.S. Dist. LEXIS 18873* at *11 (N.D. Ill. March 25, 2005); *Appalachian, supra at 464; Breit & Johnson Sporting Goods, Inc.,* 320 F. Supp. 2d 671, 678 (N.D. Ill. 2004); *Cook v. Herbert,* 2004 U.S. Dist. LEXIS 61, No. 03-00042, 2004 WL 40525, at *2 (W.D. Va. Jan. 5, 2004); *see also 3 Bridges, Inc. v. Treasury,* 216 F. Supp. 2d 655, 659 (E.D. Ky. 2002); *DiMartino v. Buckles,* 129 F. Supp. 2d 824, 827 (d. Md. 2001), *aff'd by unpublished order, DiMartino v. Buckles,* 19 Fed. Appx. 114, 2001 WL 1127288, at *1 (4th Cir. 2001).

F.  There is no requirement for the government to show malicious intent on the licensee's part.

The willfulness that must be shown in a licensing case is that necessary to impose a civil penalty, not a criminal conviction. Licensees have frequently argued that in order to revoke a license, ATF must prove that the licensee acted intentionally and purposefully and with the intent to do something the law forbids and that a license cannot be revoked for inadvertent errors or technical mistakes. In support of such arguments, licensees cite to the decision of the U.S. Supreme Court in *Bryan v. United States,* 524 U.S. 184 (1998). *Bryan* involved a review of a criminal prosecution for GCA violations and whether a jury instruction as to the *mens rea* element of the GCA offense properly instructed the jury on the law. The jury instruction in question read:

"A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids."

524 U.S. at 190.

For purposes of licensing actions, the courts agree that any licensee acting with intent to do something the law forbids is committing a willful violation. However, the courts also hold that specific intent to violate the law is not the only way that a licensee's violations may be considered willful. One court has said, "This particular argument is unsupported by case law in this circuit or elsewhere." *Appalachian, 387 F.3d 461, 465.* "[E]ven if *Bryan's* holding applies in the civil context, it does not disturb the holdings of *Stein's* and other cases to the effect that proof that the licensee knew its legal responsibilities under the Gun Control Act and purposefully disregarded or was plainly indifferent to them is sufficient." *Article II, supra.*

G.  What about so-called "technical violations"? Listen to what three courts have to say about this concept:

"Petitioner contends that of the eighty cited violations, sixty-two were only violations because the words 'yes' or 'no' were replaced with 'y' or 'n.' According to Petitioner these violations are *de minimus* and form an insufficient basis for license revocation. Petitioner's 'white heart, empty head,' argument . . . is without merit. As an initial matter the Court notes that even by Petitioner's count, there were eighteen Forms 4473 that were incorrect for reasons other than use of 'y' or 'n.' Some of these forms contained incomplete information as well as correct information. . . . In addition, as Respondent points out, Petitioner may not choose which regulations are important and which ones are not. It is irrelevant that Petitioner's violations were minor infractions. As the *Willingham* Court explained, 'it is not the place of . . . any licensee to decide unilaterally which federal firearms regulations are sufficiently importunate to follow and which may be disregarded."

*Pinion Enterprises, Inc. v. Ashcroft*, 371 F. Supp. 2d 1311, 1318, fn. 13 (N.D. Ala. 2005).

"Gun World attempts to refute the government's contention that its Form 4473 violations in 2000 were willful by characterizing them as *de minimus* violations even after a warning conference was held . . . .

* * *

. . . A Dealer with a history of repeat violations, even if claimed to be careless, runs afoul of the Act's requirements to the same extent as a dealer that commits similar errors with a bad purpose. Though the 200 violations might seem insignificant if viewed in a vacuum, when coupled with Gun World's history of similar violations, they demonstrate that Gun World was plainly indifferent to the Gun Control Act's record keeping requirements."

*Article II, supra at \*17-\*19.*

"Petitioner claims that some of the violations cited were simply 'minor technical errors.' However, the United States Supreme Court has noted that one of the purposes of the GCA is 'to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.' *Barrett v. United States*, 423 U.S. 212, 218 (1976). By not properly completing ATF background check forms or conducting proper NICS checks, this goal cannot be accomplished."

*3 Bridges, Inc, v. O'Neill*, 216 F. Supp. 2d 655, 659 (E.D. Ky 2002).

H. What if ATF has continued to renew a license after we've cited violations, does that negate the willfulness of the prior violations? No. *Breit & Johnson Sporting Goods, Inc. v. Ashcroft*, 320 F. Supp. 2d 671, 680 (N.D. Ill. 2004).

I. Can the licensee avoid revocation if they have gone back and corrected the violations found by the inspection? No. *T.T. Salvage Auction Co., Inc. v. Treasury*, 859 F. Supp. 977, 979 (E.D.N.C. 1994).

J. *Respondeat-Superior*

**ASK**     What if the violations were not personally committed by the licensee, but by an employee of the licensee?

**ANSWER**     The licensee is responsible for the acts of his agents or employees, under the *respondeat-superior* doctrine.

**SUMMARIZE LESSON & REVIEW OBJECTIVES**

## LESSON PLAN OVERVIEW

| | |
|---|---|
| **COURSE:** | HEARING OFFICER TRAINING |
| **COURSE MODULE:** | HEARING OFFICER TRAINING |
| **LESSON:** | BASIS FOR REVOCATION - WILLFUL VIOLATIONS |
| **REVISED BY:** | (b) (6) |
| **DATE REVISED:** | MARCH 2010 |

**PURPOSE:** To discuss the various actions that involve willfulness on behalf of the licensee and the law that supports revocation of a firearms license

**LESSON OBJECTIVES:**

**At the conclusion of this lesson students will be able to:**

1. Identify the statutory authority for FFL revocations
2. Define willfulness in the licensing context
3. Recognize examples of behavior and circumstances, which would indicate willfulness.

**METHODS:** LECTURE WITH QUESTIONS; GUIDED DISCUSSION

**EQUIPMENT:** LCD PROJECTOR

**MATERIALS:** FEDERAL FIREARMS REGULATIONS REFERENCE GUIDE, ATF P 5300.4

**ROOM SET-UP:** CLASSROOM STYLE

**TIME:** 2 HOURS

RIP

Hearing Officer Training – Basic for Revocation – Willful Violations

| | |
|---|---|
| **STATE** | Lesson Objectives |
| **SHOW** | PowerPoint Slide |

## I.   INTRODUCTION

| | |
|---|---|
| **REFER** | Students to 18 U.S.C. 923 (e) – Power Point |

A.   Statutory Authority for FFL revocation - 18 U.S.C. 923(e)

ATF may revoke a Federal firearms license if the licensee has willfully violated any of the provisions of the GCA or the regulations issued thereunder.

It is the ATF attorney's job to present the evidence and prove the government's case, i.e., show the Licensee committed willful violations. The Licensee or, if represented, their attorney will attempt to refute and/or present mitigating evidence. Your role, as Hearing Officer, is to listen to the facts and evidence as presented at the hearing, and make a determination whether the licensee has violated the GCA or its regulations, and whether such violations are willful. It is solely the DIO's duty to determine the ultimate fate of the license. The DIO's *authority* to revoke is what a Court will review:

"The language of 923(f)(3) [the *de novo* review provision of the GCA] does not call upon this Court to decide whether it would revoke the license in it's own judgment, but whether all of the evidence presented is sufficient to justify the Attorney General's revocation of the license. [footnote reference omitted].

\* \* \*

[From footnote:] . . . Cases undoubtedly exist where the Attorney General is authorized to revoke a license and does so, whereas given the same facts and evidence this Court on its own might not have made the same decision. Regardless, . . . the Court's role here is to decide whether the Attorney General's decision to revoke was within it's legitimate authority, not whether it was the most prudent exercise of power."

*Pinion Enterprise, Inc. v. Ashcroft,* 371 F. Supp.2d 1311, 1315 (N.D. Ala. 2005).

Hearing Officer Training – Basic for Revocation – Willful Violations

**ASK**  Students for the definition of Willfulness

B.   Willfulness

For purposes of the regulatory provisions of the GCA, a willful violation is committed when a licensee knows of its legal obligation(s) and either purposefully disregards or is plainly indifferent to the record keeping requirements. *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives,* 415 F.3d 1274, 1277 (11th Cir. 2005); *American Arms, Int'l v. Herbert,* 563 F.3d 78, 85 (4th Cir. 2009); *General Store v. Van Loan,* 560 F.3d 920, 924 (9th Cir. 2009); *On Target Sporting Goods, Inc. v. Attorney General,* 472 F.3d 573, 575 (8th Cir. 2007); *Article II Gun Shop v. Gonzales,* 441 F.3d 492, 497-98 (7th Cir. 2006); *Appalachian Res. Dev. Corp. v. McCabe,* 387 F.3d 461, 464-465 (6th Cir. 2004); *see also, Bryan v. United States,* 524 U.S. 197, 198 (1998).

C.   What type of evidence establishes knowledge and intentional disregard of statutes and regulations?



Hearing Officer Training – Basic for Revocation – Willful Violations



D.   What type of evidence establishes a licensee's plain indifference to the requirements of the law?



Hearing Officer Training – Basic for Revocation – **Willful Violations**



E.  There is no requirement for the government to show malicious intent on the licensee's part.

1. In the licensing context, willfulness must meet the necessary burden to impose a civil penalty, not a criminal conviction. Licensees have frequently argued that in order to revoke a license, ATF must prove that the licensee acted intentionally and purposefully, and with the intent to do something the law forbids; and further that a license cannot be revoked for inadvertent errors or technical mistakes. In support of such arguments, licensees cite to the decision of the U.S. Supreme Court in *Bryan v. United States,* 524 U.S. 184 (1998). *Bryan* involved a review of a criminal prosecution for GCA violations, questioning whether a jury instruction as to the *mens rea* element of the GCA offense properly instructed the jury on the law. The jury instruction in question read:

"A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids." 524 U.S. at 190.

2. For purposes of licensing actions, the courts agree that any licensee acting with intent to do something the law forbids is committing a willful violation. However, the courts also hold that specific intent to violate the law is not the only way that a licensee's violations may be considered willful. One court has said, "This particular argument is unsupported by case law in this circuit or elsewhere." *Appalachian, 387 F.3d 461, 465.* "[E]ven if *Bryan's* holding applies in the civil context, it does not disturb the holdings of *Stein's* and other cases to the effect that proof that the licensee knew its legal responsibilities under the Gun Control Act and purposefully disregarded or was plainly indifferent to them is sufficient." *Article II, supra.*

3. No "bad purpose or evil motive" is required for an act to be willful for regulatory purposes. *Willingham Sports, 415 F.3d at 1276. See, Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464-465 (6th Cir. 2004); Article II, 441 F.3d at 497-498.*

F.   The Courts have also ruled regarding so-called "technical violations."

1. "Petitioner contends that of the eighty cited violations, sixty-two were only violations because the words 'yes' or 'no' were replaced with 'y' or 'n.' According to Petitioner these violations are *de minimus* and form an insufficient basis for license revocation. Petitioner's 'white heart, empty head,' argument . . . is without merit. As an initial matter the Court notes that even by Petitioner's count, there were eighteen Forms 4473 that were incorrect for reasons other than use of 'y' or 'n.' Some of these forms contained incomplete information as well as correct information. . . . In addition, as Respondent points out, Petitioner may not choose which regulations are important and which ones are not. It is irrelevant that Petitioner's violations were minor infractions. As the *Willingham* Court explained, 'it is not the place of . . . any licensee to decide unilaterally which federal firearms regulations are sufficiently important to follow and which may be disregarded.'"

*Pinion Enterprises, Inc. v. Ashcroft,* 371 F. Supp. 2d 1311, 1318, fn. 13 (N.D. Ala. 2005).

2.   "Gun World attempts to refute the government's contention that its Form 4473 violations in 2000 were willful by characterizing them as *de minimus* violations even after a warning conference was held . . . ."

\* \* \*

3.   . . . A Dealer with a history of repeat violations, even if claimed to be careless, runs afoul of the Act's requirements to the same extent

as a dealer that commits similar errors with a bad purpose. Though the 200 violations might seem insignificant if viewed in a vacuum, when coupled with Gun World's history of similar violations, they demonstrate that Gun World was plainly indifferent to the Gun Control Act's record keeping requirements." *Article II, supra at \*17-\*19.*

"Petitioner claims that some of the violations cited were simply 'minor technical errors.' However, the United States Supreme Court has noted that one of the purposes of the GCA is 'to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.' *Barrett v. United States,* 423 U.S. 212, 218 (1976). By not properly completing ATF background check forms or conducting proper NICS checks, this goal cannot be accomplished." *3 Bridges, Inc, v. O'Neill,* 216 F. Supp. 2d 655, 659 (E.D. Ky 2002).

G.   The renewal of a license after the licensee has been cited for violations does not negate the willfulness of prior violations. *Breit & Johnson Sporting Goods, Inc. v. Ashcroft,* 320 F. Supp. 2d 671, 680 (N.D. Ill. 2004).

H.   The licensee cannot avoid revocation by simply correcting violations found during the inspection. *T.T. Salvage Auction Co., Inc. v. Treasury,* 859 F. Supp. 977, 979 (E.D.N.C. 1994).

I.   ATF is not required to first issue a warning that a further violation will be considered willful? Warnings are not required "as a predicate to . . . ATF revoking or denying renewal of a firearms license." *Strong dba Bill's Pawn Shop v. United States,* 422 F. Supp.2d 712 (N.D. Tex. 2006).

J.   *Respondeat-Superior*

| ASK | What if the violations were not personally committed by the licensee, but by an employee of the licensee? |
|---|---|
| ANSWER | The licensee is responsible for the acts of his agents or employees, under the *respondeat-superior* doctrine. |

**SUMMARIZE LESSON & REVIEW OBJECTIVES**

*A business entity's Federal firearms license may be revoked because of willful violations by the business entity's agents and employees.* See, Fin & Feather Sport Shop v. United States Treasury, *481 F. Supp. 800, 807 (D. Neb. 1979);* McLemore v. United States Treasury Dep't, *317 F. Supp. 1077, 1078-1079 (N.D. Fla. 1979);* see also, Al's Loan Office, Inc. v. United States Dep't of Treasury, *738 F. Supp. 221, 224 (E.D. Mich. 1990).*