UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID CODREA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0988 (BAH) |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

PRELIMINARY STATEMENT

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiffs only contest the information withheld in 31 pages from the December 30, 2015 production by defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), associated with bates numbers 2197-2227, with the exception of Exemption 6 applied to ATF employees' names, and Exemption 5 which applies to a handwritten note, which plaintiffs do not contest. Declaration of Stephanie M. Boucher ("Boucher Decl."), ¶ 10 & p.4 n.3; Plaintiffs' Opposition at 2.

Plaintiffs argue that ATF has improperly withheld information pursuant to Exemption 7(E), because it consists of information used to train ATF hearing officers who plaintiffs claim perform an adjudicatory role, and thus the information was not compiled for law enforcement purposes. Plaintiff also argues that ATF has not sufficiently demonstrated that disclosure of this information could reasonably be expected to risk circumvention of the law.

Plaintiffs are wrong.  The Boucher Declaration amply explained that disclosure of the withheld information divulged law enforcement techniques related to the specific criteria for determining willful violations of the Gun Control Act, and that disclosure of these techniques would provide bad actors with a means to circumvent the law by avoiding detection of the various actions that involve willfulness on behalf of the Federal Firearms Licensee.   Nonetheless, in order to provide even more information, ATF is filing the  accompanying Declaration of Megan Bennett ("Bennett Decl."), attached, Chief of ATF's Field Management Staff, which further demonstrates that the information in question was compiled for law enforcement purposes and that its release could reasonably be expected to risk circumvention of the law.

## ARGUMENT

Plaintiffs first argue that hearing officers perform an adjudicatory role, and thus information used to train them cannot qualify as information compiled for law enforcement purposes.  Plaintiffs' Opposition at 4.  Plaintiffs cite no authority for this proposition.  Id.

As the Boucher Declaration explained, ATF is a criminal and regulatory enforcement agency within the Department of Justice which is responsible for, among other things, enforcing federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§ 921-930, the federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. Part of ATF's mission involves conducting investigations and inspections to carry out the government's regulatory responsibilities pertaining to the firearms and explosives industries. Boucher Decl., ¶¶  21-22.

The Bennett Declaration explains that the Gun Control Act established a licensing system for persons engaged in the business of manufacturing, importing, or dealing in firearms. Bennett Decl., ¶ 4. If the Director of Industry Operations ("DIO") decides to deny or revoke an application for a firearm license, the applicant or licensee can request a hearing. ATF will then designate an ATF employee or contractor to be a hearing officer. Id. at ¶¶ 5-8. Contrary to plaintiffs' claim, the hearing officer is not an adjudicator. Rather, the hearing officer's job is to gather all the evidence and submit it in a report to the DIO, who makes the final decision. Id. at ¶ 12.

With respect to the information withheld, Ms. Bennett explains that:

The redacted portions are contained under the following two sections: "What type of evidence establishes knowledge and intentional disregard of statutes and regulations?" and "What type of evidence establishes a licensee's plain indifference to the requirements of the law?"

The Hearing Officer Training documents in question examine these two specific areas; as the legal thresholds set forth by the courts for the revocation of a license is well documented and ATF must prove willfulness through a "purposeful disregard" or "plain indifference to the recordkeeping requirements."

Specifically, under each of the two aforementioned subparts, ATF includes some examples of what a hearing officer may consider as evidence to support either of these elements. The examples are used to help guide the hearing officer in their review process and are not as Plaintiff suggests "things [which] are proven he must confirm the revocation." It is no different than the way in which certain factors may be used to help show negligence or other legal constructs in other types of hearings. For example, one of the redacted evidentiary items listed for consideration relates to very specific statements a licensee may have made during a regulatory inspection.

Id. at ¶¶ 9-11.

Clearly records created in connection with proceedings carried out by ATF under the Gun Control Act to determine whether an applicant for a firearm license was properly denied a

license, or a firearm license was properly revoked, qualify as records compiled for law enforcement purposes. Plaintiffs cite no authority that would undermine ATF's showing in this regard.

Plaintiffs next argue that ATF failed to demonstrate that release of the information withheld could reasonably risk circumvention of the law. On the contrary, Ms. Boucher explained that the information withheld is not widely known to the public and consists of enforcement techniques used to determine whether there has been a willful violation of the Gun Control Act. Boucher Decl., ¶ 24. Ms. Bennett further explains that:

> [R]elease of such information would jeopardize ongoing or future criminal investigations or regulatory inspections as it would permit licensees the ability to circumvent the regulatory enforcement process, and specifically, be able to conceal the fact to ATF investigators that they are knowingly and intentionally disregarding the law.

Bennett Decl., ¶ 14.

Ms. Bennett further explains that:

> The use of these evidentiary criteria to assist in supporting the willfulness of a licensees actions is critical. Release of such information would have an adverse impact on the Bureau's mission to regulate FFLs [Federal Firearms Licensee] as stated in the GCA, and reduce gun related crime, as mandated by Congress. I believe there is an unquestionable harm of circumvention to the regulatory process if this data were to be released. However, if ATF was compelled to release the data under FOIA, then such release could reasonably be expected to interfere with pending and prospective enforcement proceedings. If FFLs gain this knowledge, they could destroy evidence of regulatory violations or change their pattern of behavior in attempting to avoid detection, thus interfering with a regulatory proceeding to revoke the Federal firearms license in question for GCA violations. In my ATF experience, I am aware of instances where FFLs have destroyed or otherwise attempted to cover-up their GCA violations in order to avoid detection, including instances where FFLs have been prematurely tipped off that ATF was examining their operations to ensure compliance with the GCA. Providing the public, to include FFLs, with information on how to circumvent the regulatory enforcement process would have disastrous effects.

Id. at ¶ 15.

The information withheld is not, as plaintiffs claim, "secret law" or information that would guide people in avoiding violations of the Gun Control Act. Plaintiff's Opposition at 4-5. Rather, the information withheld consists of techniques used to uncover willful violations of the Gun Control Act that, if disclosed, would allow those violating the Act to alter their behavior to make a willful violation of the Act harder to detect.

As a stark example, Ms. Bennett states that one of the redacted evidentiary items listed for consideration relates to very specific statements a licensee may have made during a regulatory inspection. Bennett Decl., ¶ 11. Plainly disclosure of such statements would result in those willfully violating the Gun Control Act avoiding making such statements in the future. This in turn would make it harder to detect willful violations of the Act.

Because this is precisely the type of information that Exemption 7(E) was designed to protect, the ATF's invocation of this exemption should be upheld.

## CONCLUSION

Accordingly, for all of the reasons set forth above, in defendant's prior memorandum, and in the Boucher and Bennett Declarations, defendant respectfully submits that this motion for summary judgment should be granted.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. BAR # 415793
U.S. Attorney for the
 District of Columbia


DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

5

/s/ Marina Utgoff Braswell
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov